IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GINA M. ARREDONDO, | ) | CV. NO. 07-00232 DAE BMK |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 24 HOUR FITNESS USA INC., a | ) | |
| California Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
TO COMPEL ARBITRATION AND DISMISS COMPLAINT

On August 13, 2007, the Court heard Defendant's Motion.  Clayton

Ikei, Esq., appeared at the hearing on behalf of Plaintiff; Carolyn Gugelyk, Esq.,

appeared at the hearing on behalf of Defendant.  After reviewing the motion and

the supporting and opposing memoranda, the Court DENIES Defendant's Motion

to Compel Arbitration and Dismiss Complaint.

BACKGROUND

Plaintiff was employed by Defendant 24 Hour Fitness USA, Inc.

("Defendant").  On April 28, 2005, Plaintiff signed an Employee Handbook

Receipt Acknowledgment form (the "Form"), which provided that:

> I . . . acknowledge that there is no specified length of
> employment, nor is this handbook a contract of

> employment for a specified length of time. . . . I
> acknowledge that, except for the at-will employment, 24
> Hour Fitness has the right to revise, delete and add to the
> employee handbook. . . . I have received the January
> 2005 handbook and I understand that in consideration for
> my employment it is my responsibility to read and
> comply with the policies contained in this handbook and
> any revisions made to it.   In particular, I agree that if
> there is a dispute arising out of my employment as
> described in the "Arbitration of Disputes" policy, I will
> submit it exclusively to binding and final arbitration
> according to its terms.

(Def.'s Ex. A.)  Page ten of the 42-page handbook discusses Arbitration of

Disputes and provides, "[t]his Policy applies to any employment-related dispute

between an employee and 24 Hour Fitness . . . whether initiated by an employee or

by 24 Hour Fitness."  (Def.'s Ex. B.)  The policy applies to disputes regarding

termination and claims under the Civil Rights Act of 1964.

Plaintiff filed her complaint in this Court alleging sex discrimination

and retaliation claims.  On May 25, 2007, Defendant filed a motion to compel

arbitration and dismiss the complaint.  Plaintiff filed an opposition on July 25,

2007, and Defendant filed a reply on August 2, 2007.

<u>STANDARD OF REVIEW</u>

Defendant brought its motion based upon lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  In a motion to

2

dismiss for lack of the subject matter jurisdiction the plaintiff bears the initial burden of proving that subject matter jurisdiction exists.  Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992). Upon a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may make a jurisdictional attack that is either facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."  Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true.  Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003).  "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction."  Id.

If the movant makes a factual attack on jurisdiction, the court may review evidence beyond the complaint.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In resolving an attack on the facts, however, a

3

court may weigh evidence to determine whether it has jurisdiction, as long as the

jurisdictional facts are not intertwined with the merits.  Rosales v. United States,

824 F.2d 799, 803 (9th Cir. 1987).  "No presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed facts will not preclude the trial

court from evaluating for itself the merits of jurisdictional claims. " Thornhill

Publishing Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

"Once the moving party has converted the motion to dismiss into a factual motion

by presenting affidavits or other evidence properly brought before the court, the

party opposing the motion must furnish affidavits or other evidence necessary to

satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at

1039 n.2.

## DISCUSSION

Defendant argues that Plaintiff agreed to arbitrate her employment-

related claims and therefore, this Court should compel arbitration and dismiss the

Complaint.  Plaintiff argues that there was no mutual assent to arbitration and the

purported arbitration agreement is illusory and unenforceable.

Arbitration is a matter of contract, and the court can only compel

arbitration if the parties have agreed to arbitrate.  See  First Options of Chicago,

Inc. v. Kaplan, 514 U.S. 938, 943 (1995).  "Even though arbitration has a favored

4

place, there still must be an underlying agreement between the parties to arbitrate. Without an agreement to arbitrate, a court may not force parties to engage in arbitration." Luke v. Gentry Realty, Ltd., 96 P.3d 261, 267 (Haw. 2004) (citations and internal quotation marks omitted); see also Moss v. Am. Int'l Adjustment Co., Inc., 947 P.2d 371, 375 (Haw. 1997) ("[A]rbitration must be agreed upon by the parties and evinced by a written agreement, despite the strong policy in its favor.") (citations omitted).

When determining whether an agreement to arbitrate exists, courts should apply ordinary state-law principles that govern the formation of contracts. First Options of Chicago, 514 U.S. at 944.  Under Hawaii law, "[w]hen presented with a motion to compel arbitration, the court is limited to answering two questions: (1) whether an arbitration agreement exists between the parties;  and (2) if so, whether the subject matter of the dispute is arbitrable under such agreement." Brown v. KFC Nat'l Mgmt. Co., 921 P.2d 146, 158 (Haw. 1996) (internal quotation marks and citation omitted).  "[I]n order to be valid and enforceable, an arbitration agreement must have the following three elements: (1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration." Douglass v. Pflueger Haw. Inc., 135 P.3d 129, 140 (Haw. 2006).

In <u>Douglass</u>, the Hawaii Supreme Court found that although the plaintiff employee had signed an acknowledgment form verifying that he had received the employee handbook, which contained an arbitration provision, the employee had not clearly assented to arbitration. <u>Id.</u> at 141. The court found that the arbitration provision of the handbook unambiguously expressed the intent that all claims relating to employment would be settled by arbitration. <u>Id.</u> The court, however, could not conclude that there was mutual assent because the arbitration provision was not signed by the employee, and instead was located on page 20 of a 60-page handbook. In addition, the signed acknowledgment form did not inform the employee of the arbitration agreement, and instead stated that it did not create a contract and that the handbook was presented for information only. <u>Id.</u> Therefore, the second prong of the test was not met.

The court in <u>Douglass</u> also found that the third prong of the test was not met. The court noted that on its face, the arbitration provision was supported by bilateral consideration since both the employee and employer agreed to forego their rights to a judicial forum and accept binding arbitration. <u>Id.</u> at 534-35. However, because the acknowledgment form contained the employer's right to modify the handbook at any time without notice, the court found that the purported contract to submit to arbitration was illusory. <u>Id.</u> at 535.

6

In the instant case, unlike the acknowledgment form in <u>Douglass</u>, the Acknowledgment Form Plaintiff signed specifically states, just above her signature, that she agrees that if there is a dispute regarding her employment as described in the arbitration policy, she will submit it exclusively to binding and final arbitration.  Accordingly, here, there is evidence of mutual assent.

The Acknowledgment Form, however, contains a reservations of rights clause in favor of Defendant.  Only two paragraphs above the agreement language, the Acknowledgment Form states that "except for the at-will employment, 24 Hour Fitness has the right to revise, delete and add to the employee handbook."  (Def.'s Ex. A.)  The arbitration provision in the handbook refers to that section as a <u>policy</u>, and does not refer to that section as an <u>agreement</u>. Furthermore, unlike the at-will employment provision, Defendant did not specifically carve out from its right to modify the handbook, its right to change the arbitration provision.  Thus, Defendant retained the right to change the arbitration policy, including removing the bilateral consideration provision,[1] yet at the same time binding Plaintiff to any unilateral changes made to the policy.  Consequently, the purported agreement is illusory.  <u>See</u> <u>Gourley v. Yellow Transp., LLC</u>, 178 F.

---

[1] The arbitration policy applies to any employment dispute, whether initiated by the employee or employer.  Thus, like the provision in <u>Douglass</u>, on its face, the arbitration provision is supported by bilateral consideration.

Supp. 2d 1196, 1202-03 (D. Colo. 2001) (binding the employee while leaving the employer free to change the terms of an arbitration agreement rendered the agreement illusory).

Relying on <u>Brown</u>, Defendant argues that this court should sever the purported arbitration agreement from the remainder of the acknowledgment form, thereby resolving the illusory problem.  In <u>Brown</u>, the Supreme Court of Hawaii held that an arbitration agreement, which was contained in an employment application, was enforceable despite the fact that the application contained a contract disclaimer.  921 P.2d at 166.  The court found that the arbitration agreement was severable from the remainder of the application because:  the arbitration agreement was contained in a discrete section of the application, which was specifically denominated "Agreement"; the Agreement section was boxed off from other sections of the application; the arbitration portion of the Agreement section was set off from preceding paragraphs with its own subheading labeled "Arbitration of Employee Rights"; and the signature line appeared just below the Agreement.  <u>Id.</u> at 165-66.  In addition, although there was a disclaimer in the second paragraph of the Agreement, it was exclusively limited to the applicant's acknowledgment that nothing shall constitute a contract of employment.

Here, however, unlike the application in <u>Brown</u>, the arbitration agreement language is not contained in a separate portion of the Acknowledgment Form, it is not boxed off, or otherwise set off with a subheading.  Furthermore, as set forth above, nothing in the arbitration provision uses contract language, such as "agree" or "accept," and instead the section is referred to as a policy, not an agreement.  Moreover, Defendant specifically carved out from its right to modify, the at-will employment provision, but did not so specifically carve out from its right to modify, the arbitration provision.  If Defendant wanted to ensure that the arbitration agreement was not illusory and was separate and apart from the reservation of rights clause, it could have carved out its right to modify the arbitration provision, as it did with the at-will provision.  Thus, there is no reason to believe that the arbitration provision stands alone or is otherwise separate and distinct from other policies in the handbook.  Accordingly, severance of the arbitration agreement from the reservations of rights clause or the rest of the Acknowledgment Form is inappropriate.

Accordingly, even though Plaintiff assented to the arbitration provision, the provision is illusory and not severable from the rest of the Acknowledgment Form.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion

to Compel Arbitration and Dismiss Complaint.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 13, 2007.



_____
David Alan Ezra
United States District Judge

Arredondo v. 24 Hour Fitness, USA, Inc., CV No. 07-00232 DAE-BMK; ORDER
DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND
DISMISS COMPLAINT